* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Cir.1990). We disagree. The affiant laid a sufficient foundation regarding the habits and practices of child sex offenders reasonably to conclude, for purposes of establishing probable cause to search, that Baker is among such class. *Id.; United States v. Kelley,* 482 F.3d 1047, 1050 (9th Cir.2007) ("[P]robable cause means a 'fair probability' that contraband or evidence is located in a particular place.... Neither certainty nor a preponderance of the evidence is required.").

AFFIRMED.

Ruben BERNAL, Petitioner–Appellant,

v.

Jeanne WOODFORD, Respondent,

and

James E. Tilton, Respondent–Appellee.

No. 07–56046.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2008.*

Filed June 5, 2008.

Ruben Bernal Carla J. Johnson, Esq., Long Beach, CA, for Petitioner–Appellant.

Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

R.App. P. 34(a)(2).

Before: D.W. NELSON and BEA, Circuit Judges, and ROSENBLATT **, District Judge.

MEMORANDUM ***

Ruben Bernal, a California state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for murder and attempted murder. Bernal challenges both the California Court of Appeal's factual findings and its harmless error analysis.

Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), a state court's factual findings carry a presumption of correctness that may be overcome only when a petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see, e.g., Bockting v. Bayer,* 505 F.3d 973, 981 (9th Cir.2007). Bernal provides no evidence to overturn the court's factual finding that his restraints were not visible at trial. *Contra Dyas v. Poole,* 317 F.3d 934 (9th Cir.2003) (per curiam) (finding prejudice particularly likely where an evidentiary hearing revealed that one juror and one potential juror had been able to see the defendant's shackles from the jury box).

Under AEDPA, habeas relief is proper only where the state court's adjudication of the merits of the habeas claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 70–71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The court's interpretation of federal law was reasonable as it properly applied harmless error analysis. In *Deck v. Missouri,* 544 U.S. 622, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005), the United States Supreme Court held that "where a court, without adequate justification, orders the defendant to wear shackles *that will be seen by the jury,* the defendant need not demonstrate actual prejudice to make out a due process violation." *Id.* at 635, 125 S.Ct. 2007. (emphasis added). Because these facts in *Deck* are materially distinguishable from the case at hand, the court's determination here does not contradict any Supreme Court decision. *See Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (state court decision is contrary to clearly established federal law if it confronts a set of facts materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result). The reasonable denial of Bernal's petition also comports with circuit precedent. *See, e.g., Rhoden v. Rowland,* 172 F.3d 633, 636 (9th Cir.1999) (granting habeas relief where petitioner's shackles were visible from the jury box, and contrasting that with "[a] jury's brief or inadvertent glimpse of a defendant in physical restraints outside of the courtroom [which] has not warranted habeas relief.").

PETITION DENIED.

---

** The Honorable Paul G. Rosenblatt, Senior District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.