# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 08-10915

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE ENRIQUE BANEGAS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-00229-B-1

Before DAVIS, WIENER, SOUTHWICK, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant Jose Enrique Banegas appeals both his jury conviction of conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B)(vii) and the jury's special verdict of forfeiture pursuant to 21 U.S.C. § 853(a).  Banegas contends that (1) his due process right to a fair trial was violated when he was forced to wear leg shackles during his trial; and (2) the district court abused its discretion when it denied his motion to continue so that he could review the government's discovery.  We vacate and remand for a new trial.

No. 08-10915

## I. Facts and Proceedings

Banegas was arrested for possession of marijuana during the course of an undercover drug investigation but was released contingent on his cooperation with the police investigation.  After the police decided Banegas was not being truthful, he was re-arrested and charged with drug trafficking.

Banegas moved to proceed *pro se*, which the district court initially denied. After Banegas's retained counsel was disqualified by the trial judge for a conflict of interest, the court allowed Banegas to proceed *pro se*, but appointed an assistant federal public defender as standby counsel.  During Banegas's preparation for trial, he moved for a continuance because he wanted more time to review the voluminous record.  Believing that Banegas was being untruthful and was attempting to manipulate the judicial process, the court denied his motion.

During the hearing on that continuance motion, the court announced that Banegas would be shackled at all times during trial, the same "as everyone in this court who has tried a case *pro se* that's incarcerated."  When the United States Marshal responded that defendants were not usually shackled, the court replied it would further consider its decision but that Banegas should expect to wear leg irons.

At trial, Banegas objected to being forced to wear leg irons, arguing that "they are prejudicial to me because it is going to form a bias to the jury."  The judge stated that she could not see the shackles and that "it would be very difficult for them [the jury] to see them, and I think we have kept them from view as best as possible."  The government offered to place boxes in front of Banegas, but he refused that offer, stating that "I don't think that anything is going to help me preserve my innocence to the jury with these leg chains on."  He did not testify at his trial.

No. 08-10915

After Banegas was found guilty as charged and sentenced to 365 months of imprisonment and five years of supervised release, he timely filed notice of appeal.

## II. Analysis

Banegas contends that his due process rights were violated when he was forced to wear leg shackles in the presence of the jury while representing himself *pro se*.  The government responds that the shackles were not visible to the jury so Banegas could not have suffered prejudice.

The Supreme Court has held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial."[1]  As shackling is considered "inherently prejudicial,"[2] the trial court must state its reasons for shackling outside of the presence of the jury.[3]  The Court has explained that shackling "undermines the presumption of innocence and the related fairness of the proceedings," "can interfere with a defendant's ability to participate in his own defense," and affronts the "dignity and decorum of judicial proceedings that the judge is seeking to uphold."[4]  "[A]n essential state interest justifying shackling is found where there is a danger of escape or injury to the jury, counsel, or other trial participants."[5]  Even when a court has not stated the reasons for its decision to shackle a defendant, however, the reasons therefor might nevertheless be

---

[1] *Deck v. Missouri*, 544 U.S. 622, 629 (2007).

[2] *United States v. Joseph*, 333 F.3d 587, 590-91 (5th Cir. 2003).

[3] *Id.* at 591.

[4] *Deck*, 544 U.S. at 630-31 (internal citations and punctuation omitted).

[5] *Joseph*, 333 F.3d at 591.

3

apparent when viewed in light of the specific facts of the case.[6]  But when no reasons are given by the trial court, and it is not apparent that shackling is justified, the defendant need not demonstrate actual prejudice on appeal to make out a due process violation;[7] rather, the burden is on the government to prove "beyond a reasonable doubt that the shackling error complained of did not contribute to the verdict obtained."[8]  If the government cannot bear its burden, the conviction must be vacated and the case remanded for a new trial.[9]

The government insists that the proper standard of review to be applied in this case is plain error because Banegas only objected to the shackles on "one narrow ground" – prejudice – and did not preserve the due process argument on appeal.  It is true that objections must be made with "sufficient specificity" to allow the trial court to "take testimony, receive argument, or otherwise explore the issue raised." [10]  Contrary to the government's argument, however, Banegas's objection to being shackled in the presence of the jury because it would be "prejudicial" to him speaks precisely to the due process concerns that shackling raises.   As Banegas's objection afforded the district court an adequate opportunity to explore the issue, his objection was sufficient to preserve his due process claim for purposes of this appeal.

Turning to the merits of the issue, the threshold question in our inquiry is whether the district court adequately articulated specific reasons for shackling Banegas.  If we conclude that it did, we then review the decision to shackle for

---

[6] *See Deck*, 544 U.S. at 635; *United States v. Hope*, 102 F.3d 114, 118 (5th Cir. 1996).

[7] *Deck*, 544 U.S. at 635.

[8] *Id.* (internal quotations and citations omitted).

[9] *See id.*

[10] *United States v. Burton*, 126 F.3d 666, 673 (5th Cir. 1997).

abuse of discretion.[11]  The record shows that the only reason articulated by the court for shackling Banegas was that, in that court, every incarcerated *pro se* defendant is shackled.  Even if that were so, this reason, by itself, is insufficient to justify shackling a particular defendant during his jury trial, particularly when he represents himself *pro se*.  The district court referred to none of the safety concerns mentioned by the Supreme Court in *Deck* or by us in *Joseph* that would support shackling.  The record is likewise void of any indication that Banegas posed a danger to anyone in the courtroom.

As the trial court did not state particular reasons for shackling Banegas, the government on appeal must show "beyond a reasonable doubt" that the error of unjustified shackling did not contribute to the jury verdict.[12]  The government asserts, however, that this standard is inapposite here because (1) Banegas has not established, and the record does not show, that the jury could see his leg irons, and (2) he cannot show that his rights were affected.  Therefore, asserts the government, our review should be for abuse of discretion.

We first address the initial prong of the government's contention, *viz*., that Banegas has not shown that the leg irons were visible. For his part, Banegas acknowledges that it is at least unclear whether the leg irons were visible to the jury.  If it were ineluctably clear from the record that Banegas's leg irons were *not* visible to the jury, the government's argument might have some merit.  The threshold question here, though, is which party has the burden of proving or disproving this fact and whether that party has borne that burden.  Only after that question is resolved may we proceed to determine whether the responsible party has borne the burden of proof.

---

[11] See *Deck*, 544 U.S. at 629; *See also Joseph*, 333 F.3d at 590 (decision to restrain "obstreperous" defendant reviewed for abuse of discretion).

[12] *Deck*, 544 U.S. at 635.

No. 08-10915

Here, the government has the burden of proving whether the leg irons were visible because, under these facts, placing the burden of proof of this question on the defendant would contravene the Supreme Court's reasoning in *Deck*. As the Court noted, the record is often devoid of any discussion of shackling.[13] And, despite what the judge might believe or state, there is no way for us to know, solely from the record on appeal, whether the jury could see, or actually saw, Banegas's leg irons during the trial. The rule proposed by the government would significantly alter the burden of proof articulated in *Deck*. That in turn would create the unjust result that, when the record is sparse as to the facts of shackling, the defendant would have to depend on that same sparse record to prove the negative fact of shackle visibility before the government would have to take up its burden of proving the absence of prejudice.

The correct rule is that – when the district court does not adequately articulate individualized reasons for shackling a particular defendant, and there is a question whether the defendant's leg irons were visible to the jury – the government has the burden of proving beyond a reasonable doubt that the leg irons could not be seen by the jury as part of its general burden to show, beyond a reasonable doubt, that the shackles did not contribute to the jury verdict. Other than referring to the trial judge's statements in the instant case that she could not see the leg irons and that she did not think they would be visible to the jury, the government offers no factual support for its conclusional assertion that the irons could not be seen by the jury. Alone, the judge's statements do not prove – certainly not beyond a reasonable doubt – that Banegas's shackles were not visible to the jury and did not contribute to the verdict. Accordingly, we must assume that the leg irons were visible to the jury.

---

[13] *See id.* ("[T]he practice [of shackling] will often have negative effects but . . . those effects 'cannot be shown from a trial transcript.'") (quoting *Riggins v. Nevada*, 504 U.S. 127, 137 (1992)).

No. 08-10915

Given that assumption and the district court's failure to express individualized reasons for its decision to bind this *pro se* defendant with leg irons, Banegas need not show actual prejudice to overturn his conviction. And, because the government has proffered no other evidence to prove beyond a reasonable doubt that Banegas's presumably visible leg irons did not contribute to the jury verdict, the government has failed to bear its burden. Consequently, we VACATE Banegas's conviction and sentence and REMAND his case for a new trial.[14]

---

[14] We need not and therefore do not address the denial of Banegas's motion for a continuance.