IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0087-12






VAUGHN RAY BELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


FANNIN COUNTY





 Keasler, J., delivered the opinion of the Court, in which Keller, P.J., Price,
Womack, Johnson, Hervey, Cochran, and Alcala, JJ., joined. Meyers, J., filed
a dissenting opinion.


O P I N I O N 


 Vaughn Bell contends the court of appeals erred in finding the trial judge's error in
ordering him shackled during trial was harmless. We hold that the judge erred in shackling
Bell, but conclude the error was not constitutional error because there is no evidence the jury
saw his restraints. Despite the court of appeals' erroneous application of a constitutional-error harm analysis, we affirm its judgment.

 Over a lunch break during the guilt phase of Bell's trial for the offense of possession
of a controlled substance, the judge ordered Bell shackled. Accordingly, Bell was shackled
with cuffs and "a chain that is linked between his two ankles." Bell objected to the
shackling, arguing that using the device in front of the jury, if seen, would deprive him a
presumption of innocence, fair trial, "and his rights under United States and Texas
Constitution." The State responded by asking the judge to have the court's bailiff sit in
various seats in the jury box to see if jurors would be able to see Bell's shackles. Complying,
the bailiff told the judge that he could not see the chain or ankle cuffs. Bell countered that
the jury would be able to hear the chains rattle if Bell moved during the trial. The judge
overruled Bell's objection and stated,

 The bailiff's obligation is to the jury, not to an inmate. There is a person here
to handle that. Everybody who is in custody has the same necessity of
restraint. The difficulty is, the sheriff's office has one discreet [restraint] and,
therefore, we only have the one that's been available. We have allowed for
y'all to position briefcases, and somebody went down and got an extra one so
you have two. The State also has one under there. So, it's the Court's opinion
that there is no impact on the presumption, and the defendant will just be
mindful about movement of his legs, and we will be sure to give breaks for
everybody to use the restroom and he can move his legs at that time.

 

We presume Bell was shackled for the duration of trial because the record does not indicate
otherwise. The jury found Bell guilty, and he was sentenced to twenty years' confinement.

 Consistent with his trial objection, Bell asserted on appeal that his shackling violated
his right to due process and presumption of innocence. (1) The court of appeals held that the
trial judge erred in ordering Bell shackled without finding a particularized reason for such
action apart from a general concern for courtroom security and the prevention of escape. (2) 
Bell contended, as he does here, that the harm of this error should be analyzed under the
United States Supreme Court's opinion in Deck v. Missouri, in which the Court held that,
when a judge improperly orders a defendant to wear visible restraints, "[t]he State must prove
'beyond a reasonable doubt that the [shackling] error complained of did not contribute to the
verdict obtained.'" (3) The court rejected Bell's argument by distinguishing Deck on the basis
that "there is no evidence, in this case, that the restraints were perceived by the jury." (4) 
Nonetheless, the court of appeals reviewed the error under a constitutional-error harm
analysis. After applying the Harris v. State (5) factors (as modified by Snowden v. State (6))--the
nature of the error, whether it was emphasized by the State, the probable implications of the
error, and the weight the jury would likely have assigned to it in its deliberations--the court
found the error harmless. (7) We granted Bell's petition for discretionary review alleging the
court of appeals erred in failing to consider alleged systematic shackling errors by the trial
judge in evaluating harm and in placing the burden on Bell to show his shackles were
perceived by the jury or otherwise infringed upon his constitutional right to be tried without
restraint. However, it is the characterization of the trial judge's error--whether it is
constitutional or non-constitutional error--that is central to the court of appeals' erroneous
analysis. 

 Over one hundred twenty-five years ago, the Texas Court of Appeals--this Court's
predecessor--embraced the English common-law principle that a defendant has the right to
appear at trial unbound by visible shackles; however, "in extreme and exceptional cases,
where the safe custody of the prisoner and the peace of the tribunal imperatively demand, the
manacles may be retained." (8) Courts of varying jurisdictions have reached the same
conclusion "that the right may be overcome in a particular instance by essential state interests
such as physical security, escape prevention, or courtroom decorum." (9) Similarly, courts have
uniformly imposed an express prohibition on routine shackling, as a defendant should only
be shackled "as a last resort." (10) 

 More recently, we reaffirmed these principles and concluded that while courts permit
shackling, it is only justified when, in the trial judge's discretion, it is necessary for a
particular defendant in a particular proceeding. (11) To this end, the record must manifest the
trial judge's reasons for restraining a defendant. (12) When the record fails to detail the grounds
for restraint, a trial judge errs in ordering a defendant shackled. And even when exceptional
circumstances or a manifest need for such restraint exists, the trial judge should make all
efforts to prevent the jury from seeing the defendant in shackles. (13)

 In Deck v. Missouri, the Supreme Court found that "judicial hostility" to shackling is
premised on three legal principles: (1) "the criminal process presumes that the defendant is
innocent until proved guilty"; (2) "the Constitution, in order to help the accused secure a
meaningful defense, provides him with a right to counsel," and "[s]hackles can interfere with
the accused's 'ability to communicate' with his lawyer"; and (3) "judges must seek to
maintain a judicial process that is a dignified process." (14) Even in light of the widely held
views of shackling and the principles these views espouse, the Deck Court found that due
process is only implicated when the jury can see the restraints: "Thus, the Fifth and
Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a
trial court determination, in the exercise of its discretion, that they are justified by a state
interest specific to a particular trial." (15) "Visible shackling undermines the presumption of
innocence and the related fairness of the factfinding process. It suggests to the jury that the
justice system itself sees 'a need to separate a defendant from the community at large.'" (16) 
The Deck Court was clear that it is not the mere shackling alone, but rather the jury's
perception of the shackles, that undermines a defendant's presumption of innocence. (17) And
only when the trial judge unjustifiably orders a defendant to wear shackles that will be seen
by the jury must the State prove beyond a reasonable doubt that the shackling error did not
contribute to the verdict. (18) 

 We too have focused on whether the jury perceived the defendant's shackles in
addressing shackling errors, and Deck confirms the validity of such approach. In Long v.
State, we found that the trial judge erred in shackling Long, but because the record did not
show that the jury actually saw the shackles, we deemed the error harmless. (19) A year later,
in Cooks v. State, we avoided finding that the trial judge erred in shackling Cooks because
there was no evidence that the jury saw Cooks's shackles, and therefore concluded that any
error was harmless. (20) Read plainly, these cases indicate that the question of whether the jury
saw the shackles is a consideration relevant only to deciding harm. But these cases were
decided under Texas Rule of Appellate Procedure 81(b)(2), Rule 44.2's predecessor, which
set out only one harm standard irrespective of the error's nature. (21) Nonetheless, these cases
emphasize that the primary concern in shackling error is the jury's perception of the restraints
and the ill effects it may have upon the defendant's presumption of innocence. More
importantly, Long and Cooks demonstrate an appropriate unwillingness to make the factual
assumption that the jury perceived a defendant's shackles in the absence of any record
support. 

 Bell urges us to adopt the Fifth Circuit's approach in United States v. Banegas, in
which it held that the government has the burden of proving beyond a reasonable doubt that
the jury could not see the shackles when the record is unclear whether the jury in fact saw
the shackles, and because the government could not satisfy its burden, the court assumed the
restraints were visible. (22) Because of our own precedent to the contrary, we decline to follow
the Banegas approach. 

 We are mindful that even a well-developed record on appeal may fail to establish with
certainty whether the jury perceived the defendant's restraints, much less describe the extent
and nature of that perception. In light of this limitation, we must strike a balance between
the protection of a defendant's valuable constitutional rights and the inappropriate
speculation and assumption of facts on appeal when it is unclear whether a shackling error
undermined a defendant's presumption of innocence. Therefore, shackling error may rise
to the level of constitutional error when the record reflects a reasonable probability that the
jury was aware of the defendant's shackles. We do not intend to suggest that reasonable
probability in this context means more probable than not; it simply requires a substantial
basis supporting a conclusion that the jury perceived the defendant's restraints. 

 Turning to the present case, the trial judge did not make any particularized finding
articulating the reasons for shackling Bell, nor are any justifiable reasons for shackling clear
from the record. The judge's statement that "[e]verybody who is in custody has the same
necessity of restraint" evinces, at best, a generalized concern for courtroom security and, at
worst, a propensity to shackle defendants in custody during trial as a matter of course. 
Neither suffices: the former is an insufficient reason; the latter a distasteful practice
"[reminiscent] of an era when the accused was brought from prison to the courtroom in
chains, unkempt and wearing (at best) prison attire, following which he was exposed to a jury
in the worst possible light." (23) Under these circumstances, it was clearly error to order Bell
shackled during his trial. 

 Whether this error is of constitutional dimension in that it deprived Bell of his
presumption of innocence turns on an additional inquiry: whether the record shows a
reasonable probability that the jury was aware of the defendant's shackles. After reviewing
the record, we cannot conclude that there was a reasonable probability the jury perceived
Bell's restraints. In fact, the bailiff's observations support the conclusion that the jury could
not see Bell's restraints. It is also apparent that the judge took precautionary measures to
shield Bell's shackles from view by placing briefcases in front of counsel's table. Of course
this does not speak to whether the jury could hear the rattling of the restraint's chain. But
in light of this record, to conclude that it is reasonably probable that the jury heard the rattling
of the chain would be purely speculative. If the rattling of the chain was in fact audible, it
is reasonable to expect that Bell would have brought these facts to the trial judge's attention,
thereby making a record of the rattling, and perhaps, provide an opportunity to reurge his
objection. 

 At trial, Bell never specifically asserted that the shackles would or did interfere with
his ability to communicate with counsel or undermined the dignity of the judicial process. 
However, even if we interpreted his objection at trial and arguments below to make such
claims and ignore the substantial number of cases finding that Deck does not control invisible
restraints, it does not appear that these principles identified in Deck were compromised here. 
There is no evidence that the restraints interfered with Bell's ability to communicate with
counsel or participate in his trial or was a factor in his decision not to testify. And even if
we assume that an undignified judicial process is an independent component of due process
equal to the presumption of innocence and the right to counsel, there is simply no evidence
that Bell's shackles undermined the dignity of the judicial process. We therefore find that
the judge's error in shackling Bell was not of constitutional dimension. 

 In finding the error harmless, the court of appeal applied the constitutional-error harm
analysis, defined by Rule 44.2(a), which required the court to reverse Bell's judgment unless
it determined beyond a reasonable doubt that the error did not contribute to the conviction
or punishment. Although we would typically remand to the court of appeals to perform the
proper harm analysis--under Rule 44.2(b), here--it makes little sense to do so when the
court of appeals previously found the error harmless even under the more rigorous
constitutional-error harm analysis. By finding the error harmless under the greater standard,
the court of appeals logically held that Bell's shackling did not affect his substantial rights. (24) 

 We affirm the court of appeals' judgment.


DATE DELIVERED: September 18, 2013

PUBLISH 
1. Bell v. State, 356 S.W.3d 528, 533 (Tex. App.--Texarkana 2011).
2. Id. at 536.
3. 544 U.S. 622, 635 (2005) (citing Chapman v. California, 386 U.S.18, 24
(1967)) (alteration in original).
4. Bell, 356 S.W.3d at 537.
5. 790 S.W.2d 568 (Tex. Crim. App. 1989).
6. 353 S.W.3d 815 (Tex. Crim. App. 2011).
7. Id. at 539.
8. Rainey v. State, 20 Tex. App. 455, 1886 WL 4636, *11 (Tex. Ct. App. 1886)
(citing 1 J. Bishop, New Criminal Procedure § 955 (3rd ed)).
9. Deck v. Missouri, 544 U.S. 622, 628 (2005) (citing federal and state cases and
legal commentators).
10. Id. at 628-29. See also Illinois v. Allen, 397 U.S. 337, 344 (1970) (stating that
"no person should be tried while shackled and gagged except as a last resort.").
11. Cooks v. State, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992).
12. Id.; Long v. State, 823 S.W.2d 259, 282 (Tex. Crim. App. 1991).
13. Long, 823 S.W.2d at 282.
14. Id. at 630-31.
15. Deck, 544 U.S. at 629.
16. Id. at 630 (quoting Holbrook v. Flynn, 475 U.S. 560, 569 (1986)).
17. Deck, 544 U.S. at 629; Ochoa v. Workman, 669 F.3d 1130, 1145-46 (10th Cir.
2012); United States v. Cooper, 591 F.3d 582, 588 (7th Cir. 2010); Mendoza v. Berghuis,
544 F.3d 650, 654 (6th Cir. 2008); Bernal v. Woodford, 281 Fed. App'x 706 (9th Cir.
2008); State v. Dixon, 250 P.3d 1174, 1181 (Ariz. 2011); State v. Sparks, 68 So.3d 435,
480-81 (La. 2011); People v. Letner, 235 P.3d 62, 106 (Cal. 2010); Ritchie v. State, 875
N.E.2d 706, 718 (Ind. 2007). But see United States v. Banegas, 600 F.3d 342, 347 (5th
Cir. 2010).
18. Deck, 544 U.S. at 635.
19. Long v. State, 823 S.W.2d 259, 283 (Tex. Crim. App. 1991).
20. Cooks, 844 S.W.2d at 723.
21. See former Tex. R. App. P. 81(b)(2) ("If the appellate record in a criminal case
reveals error in the proceedings below, the appellate court shall reverse the judgment
under review, unless the appellate court determines beyond a reasonable doubt that the
error made no contribution to the conviction or to punishment.").
22. United States v. Banegas, 600 F.3d 342, 347 (5th Cir. 2010). 
23. United States v. Brantley, 342 Fed. App'x 762, 770 (3rd Cir. 2009).
24. Compare Tex. R. App. P. 44.2(a) ("Constitutional Error. If the appellate record
in a criminal case reveals constitutional error that is subject to harmless error review, the
court of appeals must reverse a judgment of conviction or punishment unless the court
determines beyond a reasonable doubt that the error did not contribute to the conviction
or punishment.") with Tex. R. App. P. 44.2(b) ("Other errors. Any other error, defect,
irregularity, or variance that does not affect substantial rights must be disregarded.").