# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40548

————————

Angela Germaine Spencer, *by and through next friend and mother of*
A.S., *a minor*,

*Plaintiff—Appellant*,

*versus*

The County of Harrison Texas,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:20-CV-37

———————————————————

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

    A 10-year-old boy was handcuffed and shackled as he was transported from a detention center to juvenile court. He appeared before the juvenile court judge with leg shackles. He sued the county responsible for his shackling, contending his constitutional rights were violated by the county's policies and practices for juvenile shackling. The district court granted the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

county's summary judgment motion, ruling the plaintiff failed to provide any authority supporting the claimed violation. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

A.S. is an African American male who was 10 years old when the events underlying this suit occurred. On April 28, 2017, A.S. was restrained by two staff members at his elementary school. During the incident, A.S. hit and kicked the individuals. On May 10, another incident resulted in A.S.'s biting and scratching two staff members. On that same day, a judge of the Juvenile Court of Harrison County, Texas, issued an order for A.S. to be taken immediately into custody for assault on a public servant. The cited authority was Section 52.01(a)(1) of the Texas Family Code for a violation of Section 22.01 of the Texas Penal Code. Law enforcement officers took A.S. to the Harrison County Juvenile Detention Center, where he was placed in the custody of the County's Juvenile Probation Department.

Once A.S. was in custody, trained and certified officers conducted the intake process. He was given a medical-health screening, a risk-and-needs assessment, and a mental-health assessment. On the assessment, A.S. scored a two out of five on suicidal ideation. Based on this, he was placed on "cautionary" status where he was observed regularly by detention center staff. During his stay in detention, A.S. did not receive any written reports of incidents or have any instances of behavior warranting disciplinary action.

On May 12, A.S. was scheduled for a hearing in juvenile court, variously referred to as a "release hearing," "pre-determination hearing," and "probable cause hearing." The hearing was within 48 hours of his detention. For his hearing, A.S. was dressed in standard detention clothes and was leg shackled and handcuffed with a "belly belt." He and other juveniles going to court went through the entrance of the Harrison County Sheriff's Office in the basement of the courthouse, and then went up to the

first floor through a non-public elevator. In the waiting room outside the juvenile courtroom, his handcuffs and belly belt were removed, but his leg shackles remained. The leg shackles — a restraint approved by the Juvenile Court Judge — were used for all detainees taken to juvenile court. After probation staff ensured there were no adult inmates in the courtroom, A.S. and the other juveniles were taken into the courtroom and seated in the jury box. A.S. had counsel at his hearing.[1] At the close of the hearing, A.S. was conditionally released to his mother.

On February 14, 2020, A.S., by and through his next of friend and mother, Angela Germaine Spencer, filed a complaint under 42 U.S.C. § 1983 against Harrison County. The county moved for summary judgment on all claims. The magistrate judge entered a Report and Recommendation that summary judgment should be granted. The only claim relevant in this appeal is for the "unnecessary and excessive restraints" during transport and in the courtroom, a claim A.S. asserts based on the Fourth and/or Fourteenth Amendment.[2] The magistrate judge, in a brief explanation, ruled A.S. failed to provide relevant caselaw supporting the claimed violation. Plaintiff filed objections to the magistrate judge's decision. The district court rejected Plaintiff's objections and adopted the Report and Recommendation. A.S. timely appealed.

## DISCUSSION

"We review a district court's grant of summary judgment *de novo*, applying the same standard as the district court." *Hicks-Fields v. Harris*

---

[1] The record does not include a transcript from the hearing, nor do the parties address whether Plaintiff's counsel objected to the shackling or requested that his shackles be removed for the hearing.

[2] Plaintiff's counsel at oral argument conceded that the restraint used on A.S. during transport from the detention center to courthouse is not an issue in this appeal.

*Cnty.*, 860 F.3d 803, 807–08 (5th Cir. 2017).  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

A county is not subject to vicarious liability in a suit brought under Section 1983; the county must itself have caused the injury. *Hicks-Fields*, 860 F.3d at 808.  To establish municipal liability under Section 1983, a plaintiff must show an underlying constitutional violation and also "that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Id.* (quotation marks and citation omitted).

The question here is whether A.S.'s constitutional rights were violated when he was shackled without an individualized assessment of need during his initial detention hearing before the juvenile judge.

Plaintiff maintains the "restraint was unnecessary and excessive and thus violated [A.S.'s] rights, pursuant to the Fourth Amendment of the United States Constitution, to be free from unnecessary and excessive restraint and seizure."  Underlying this claimed constitutional violation are due process principles that are intertwined with the goals of the juvenile delinquency process.  One basis for Plaintiff's claim is a "presumption of innocence in favor of the accused," which "is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law." *See Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quotation marks and citation omitted).  Another basis is the State's "*parens patriae* interest in preserving and promoting the welfare of the child, which makes a juvenile proceeding fundamentally different from an adult criminal trial." *See Schall v. Martin*, 467 U.S. 253, 263 (1984) (quotation marks and citation omitted).  That relationship requires "a balance — to respect the informality and flexibility that characterize juvenile proceedings,

and yet to ensure that such proceedings comport with the fundamental fairness demanded by the Due Process Clause." *Id.* at 263 (quotation marks and citations omitted).

Certainly, a defendant's entitlement to a presumption of innocence is a critical component of our criminal justice system. *See Estelle v. Williams*, 425 U.S. 501, 503 (1976). In that light, courts have grappled with the due process concerns of shackling defendants in the courtroom. The Supreme Court has held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination." *Deck v. Missouri*, 544 U.S. 622, 629 (2005). Shackling "'undermines the presumption of innocence and the related fairness of the proceedings,' 'can interfere with a defendant's ability to participate in his own defense,' and affronts the 'dignity and decorum of judicial proceedings that the judge is seeking to uphold.'" *United States v. Banegas*, 600 F.3d 342, 345 (5th Cir. 2010) (quoting *Deck*, 544 U.S. at 630–31).

The concerns precipitating the prohibition of shackling a defendant before the factfinder have not been extended to proceedings such as what occurred here. Plaintiff relies on some opinions from some state courts that analyzed juvenile detainees' rights regarding restraint at the adjudicatory stage of the juvenile delinquency process. *See, e.g.*, *In re Staley*, 352 N.E.2d 3 (Ill. App. Ct. 1976), *aff'd sub nom. In re Staley*, 364 N.E.2d 72 (Ill. 1977) (reversed and remanded for new adjudicatory hearing when juvenile defendant was shackled during bench trial). Although the opinions Plaintiff cites identified considerations for indiscriminate shackling of juveniles, they lack factual application in this case and, of course, are not controlling on this court.

Although we do not diminish concerns regarding juvenile shackling, authority does not dictate the result Plaintiff seeks. Plaintiff fails to provide

No. 22-40548

authority that recognizes a juvenile's constitutional right not to be shackled without some assessment of necessity during an initial detention hearing before a juvenile judge. We will not create that right.

AFFIRMED.