# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00662-CR

**Ernesto Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT NO. CR2014-192, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ernesto Hernandez was charged with one count of aggravated sexual assault of a child and two counts of sexual assault of a child. *See* Tex. Penal Code §§ 22.011(a), (f) (listing elements for sexual assault and explaining that offense is, in general, second-degree felony), .021(a), (e) (setting out offense of aggravated sexual assault and specifying that offense is first-degree felony). Hernandez pleaded guilty to the two sexual-assault-of-a-child counts but pleaded not guilty to the aggravated count. At the conclusion of the guilt-or-innocence phase of the trial, the jury found Hernandez guilty of the aggravated count. At the end of the punishment phase, the jury recommended that Hernandez be sentenced to forty years' imprisonment for the aggravated count and to twenty years' imprisonment in the other two counts, *see id.* §§ 12.32 (describing punishment range for first-degree felony), .33 (setting out permissible punishment range for second-degree felony), and the district court rendered its judgment in accordance with the jury's verdicts. On

appeal, Hernandez contends that the district court erred by denying his challenges for cause to two jury panelists and by failing to grant his request for two additional peremptory challenges. We will affirm the district court's judgment of conviction.

## GOVERNING LAW AND STANDARD OF REVIEW

A defendant may move to challenge a potential jury member on the ground that the panelist "has a bias or prejudice . . . against the defendant." Tex. Code Crim. Proc. art. 35.16(a)(9); *see also Halay v. State*, No. 03-07-00327-CR, 2008 WL 5424095, at *11 (Tex. App.—Austin Dec. 31, 2008, no pet.) (mem. op., not designated for publication) (providing that "[a] juror is biased when 'an inclination toward one side of an issue rather than to the other leads to the natural inference that [the juror] will not or did not act with impartiality'" (quoting *Anderson v. State*, 633 S.W.2d 851, 853 (Tex. Crim. App. 1982))). In other words, a panelist is challengeable "if he cannot impartially judge the credibility of witnesses," but "this means only that jurors must be open-minded and persuadable, with no *extreme* or *absolute* positions regarding the credibility of any witness." *Ladd v. State*, 3 S.W.3d 547, 560 (Tex. Crim. App. 1999). "The test is whether a bias or prejudice would substantially impair the venire member's ability to carry out the juror's oath and judicial instructions in accordance with the law." *Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). "Before venire members may be excused for cause, the law must be explained to them, and they must be asked whether they can follow that law, regardless of their personal views." *Id.* The party seeking to have the panelist struck does not meet his burden of establishing that the challenge is proper "until he has shown that the venire member understood the requirements of the law and could not overcome his or her prejudice well enough to follow the law." *Id.* "When the trial court errs in

2

overruling a challenge for cause against a venireman, the defendant is harmed only if he uses a peremptory strike to remove the venireman and thereafter suffers a detriment from the loss of the strike." *Demouchette v. State*, 731 S.W.2d 75, 83 (Tex. Crim. App. 1986). "To preserve error on denied challenges for cause, an appellant must demonstrate on the record that: 1) he asserted a clear and specific challenge for cause; 2) he used a peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied; and 5) an objectionable juror sat on the jury." *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002), *superseded by statute on other grounds as stated in Coleman v. State*, No. AP-75,478, 2009 WL 4696064, at *11 (Tex. Crim. App. Dec. 9, 2009).

"Because the trial court is in the best position to evaluate the demeanor of a prospective juror, we review a trial court's determination of a challenge for cause only for clear abuse of discretion." *Fierro v. State*, 969 S.W.2d 51, 57 (Tex. App.—Austin 1998, no pet.). In other words, "we reverse 'only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.'" *Id.* (quoting *Kemp v. State*, 846 S.W.2d 289, 297 (Tex. Crim. App. 1992)). In addition, "[w]hen the potential juror's answers are vacillating, unclear or contradictory, particular deference is accorded to the trial court's decision." *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000); *see Rachal v. State*, 917 S.W.2d 799, 810 (Tex. Crim. App. 1996) (explaining that trial court's "superior point of view is particularly important and deserving of our deference" when potential juror's statements are unclear). Furthermore, "[w]hen reviewing a trial court's decision to grant or deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the court's ruling." *Feldman*, 71 S.W.3d

3

at 744; *see Fierro*, 969 S.W.2d at 58 (stating that when "reviewing the trial court's exercise of its discretion in a particular case, we review the totality of the relevant voir dire examination").

A trial court has discretion "to grant additional challenges upon exhaustion of the statutory number of strikes." *Cooks v. State*, 844 S.W.2d 697, 717 (Tex. Crim. App. 1992), *superseded on other grounds as stated in Bell v. State*, 415 S.W.3d 278, 282 (Tex.Crim.App.2013). "No abuse of discretion will be found for overruling a defendant's request for additional strikes in the absence of 'wrongdoing' on the part of the trial court." *Id.* (quoting *Thomas v. State*, 701 S.W.2d 653, 658 (Tex. Crim. App. 1985)). "Such wrongdoing may exist if the trial court has improperly overruled a defendant's challenge for cause and the defendant has accordingly used a strike on a juror who is subject to a challenge for cause." *Id.*

**DISCUSSION**

In his sole issue on appeal, Hernandez asserts that the district court erred when it denied his challenges for cause to two panelists and "when it refused to grant [him] additional peremptory strikes, thus forcing [him] to go to trial with two objectionable jurors." In particular, he asserts that he attempted to strike panelists 43 and 60 for cause, that the district court denied those requests, that he was forced to use two of his peremptory strikes on those panelists, that he exhausted his peremptory challenges, that he asked the district court for additional peremptory challenges to strike panelists 33 and 65, that the district court denied that request, and that those panelists were selected to be part of the jury.

When presenting this issue on appeal, Hernandez points out that during voir dire, the State asked all of the panelists about their beliefs regarding whether remorse should be taken into

4

account when assessing punishment and instructed the panelists to answer the question with one of the following four responses: "Strongly agree, which means pain of guilt is punishment enough. Agree. Remorse should be taken into account. You disagree with it. It is good but it does not change the facts. Or you strongly disagree. Everyone is remorseful after the fact." In response to the question, panelist 43 answered that she strongly disagreed.[1] In light of that answer, Hernandez insists that panelist 43 demonstrated bias against him as a matter of law.

However, when Hernandez questioned the jury panel, he made no inquiries into what role remorse would play in the deliberations of panelist 43 or any other panelist and did not ask whether those beliefs would impair panelist 43's ability to carry out her duties as a juror or whether she could follow the law in executing her duties regardless of those personal beliefs. Moreover, when Hernandez indicated his desire to strike for cause panelist 43 and when panelist 43 was called before the district court to answer additional questions, Hernandez posed no questions concerning remorse and instead focused his questioning on statements that the panelist made in response to the State's question to the panel regarding whether anyone on the panel had a family member or friend who had ever been the victim of a sexual assault or been charged with sexual assault. Moreover, assuming without deciding that the answer concerning remorse given by panelist 43 was a statement indicating that she could not consider a type of potentially mitigating evidence, we note that "potential jurors are not challengeable for cause merely because they refuse to give *weight* to particular 'mitigating' evidence." *Rachal*, 917 S.W.2d at 813 (overruling appellate issue asserting

_____

[1] We note that panelist 60, on whom Hernandez exercised a peremptory challenge, answered that he agreed that remorse should be taken into account.

that trial court erred in denying challenge for cause where panelist indicated strong belief that person is accountable for his own actions regardless of his background). In light of the preceding, we cannot conclude that the district court abused its discretion by determining that Hernandez did not meet his burden of establishing that panelist 43 understood the requirements of the law but could not overcome her prejudice in order to follow the law. *See Buntion v. State*, 482 S.W.3d 58, 86-87 (Tex. Crim. App. 2016).

As mentioned above, when Hernandez did question panelist 43 individually before the district court, he limited the subject of his questioning of her to statements that she gave in response to the State's inquiry regarding whether the jury panel knew someone who had been the victim of a sexual assault or had been charged with the offense of sexual assault, and Hernandez also points to that exchange in his brief when asserting that the district court abused its discretion by denying his challenge for cause. When responding to the State's question, panelist 43 answered, "Now, I think I can be biased but I was a foster mom for many years since so many of my children were sexually assaulted." After the State asked if she thought that would cause her some bias, the panelist answered, "I don't think so." Next, the State asked the panelist if she could "set those feelings aside" as a juror, and she answered, "Yes." When panelist 43 was called in front of the district court to answer additional questions, the relevant portions of that exchange occurred as follows:

> [Hernandez's attorney]: Yeah. Okay. I think this is a follow-up to some questions I think I asked you about -- possibly that she asked you about your experience of knowing someone that's been a victim and been accused?
>
> [Panelist 43]: I said that -- that I was a foster mom at one time.
>
> [Hernandez's attorney]: Uh-huh.

6

[Panelist 43]: And I had at least two children in my care that had been sexually molested.

[District Court]: Anything about that will affect -- I mean nobody comes in here with a clean slate. Anything about that with those children as a foster parent, God bless you, is going to affect your ability to be a juror in this case and give this man a fair trial or the man that's accused?

[Panelist 43]: No. I think I can be fair and follow the law.

. . .

[Hernandez's attorney]: You say you think [you] can. You obviously, you know, you probably dealt with this more than most people have.

[Panelist 43]: I didn't go to court with the kids. I just had them in my care.

[Hernandez's attorney]: So can you -- when you say you think you -- you're confident you would be able to be the fair and impartial juror that we're looking for in a case like this in particular?

[Panelist 43]: Well, I have to admit I've never been -- I've never even been called for jury duty before, because I've had children under age in my care. And this is the first time I've ever been called for jury duty.

. . .

So that's why I say I think I can. I would do my best to be fair and impartial.

Although panelist 43 initially appears to have expressed concern that she might be "biased," when subsequently questioned about whether she had any bias, the panelist repeatedly related that she could set any bias aside, that she thought that she could be fair and apply the law, and that she would do her best to be fair and impartial. At most, panelist 43's statements were vacillating, which would warrant particular deference to the district court's ruling. *See id.* at 87. Accordingly, we cannot conclude that the district court abused its discretion by denying Hernandez's motion to strike panelist 43 for cause.

7

As mentioned previously, in addition to moving to strike panelist 43 for cause, Hernandez also moved to strike panelist 60. Specifically, Hernandez sought to excuse panelist 60 for cause based on the responses that he made when answering the State's question about whether he knew anyone who had been a victim of sexual assault or had been accused of sexual assault, and Hernandez refers to those answers when asserting on appeal that the panelist should have been struck for cause. When responding to the State's question, panelist 60 explained that he knew someone who had been the victim of a sexual assault. The State then asked, "Would you be able to set those feelings aside and judge this case solely on the evidence as presented and the law provided by the court," and the panelist answered, "I believe I could." Later, the panelist was called before the district court to answer additional questions, and the relevant portion of that exchange occurred as follows:

[Hernandez's attorney]: We were talking about the nature of this case, I think maybe something that you -- in your background or some people that you knew --

[Panelist 60]: Yeah.

[Hernandez's attorney]: I wasn't sure I heard you say that you'd be able to put that aside in reaching a verdict in a case like this.

[Panelist 60]: What has been touched on minimally has stirred some pretty deep things that I haven't thought about in quite a while. I don't know. How specific do you want to go?

[District Court]: Well, I guess the question I have is without going into too [many] specifics is anything about whatever you haven't touched on going to affect this defendant's right to a fair trial?

[Panelist 60]: I don't know how much I'm concerned about the Defendant's right to fair trial as to what I will go through in getting that fair trial. I -- I am --

[District Court]: In other words –

8

[Panelist 60]: The phrase I used was I believe I can remain unbias[]ed.

. . .

Yes. And my response was I believe that I can give a fair trial, unbias[]ed. Okay. I believe that.

[District Court]: In other words, you've got some issues in your background that -- but you're able to put those aside and give this gentleman a fair trial?

[Panelist 60]: Yes, sir. I do believe that.

. . .

[Hernandez's attorney]: You're confident that what you're talking about won't influence your verdict?

[Panelist 60]: I don't believe that it would.

[Hernandez's attorney]: Okay. Can you say you're sure it wouldn't?

[District Court]: To the best that you are humanly possible.

[Panelist 60]: To the best of my human – yes.

Although panelist 60 revealed that he knew someone who had been sexually assaulted and that the trial was bringing up past memories of that painful event, he never stated that he would be biased against the defendant or be unable to remain impartial; on the contrary, panelist 60 repeatedly explained that he believed that he could set aside those feelings and base his verdict on the evidence and that he believed that he was unbiased. As with panelist 43, at most, panelist 60's answers were unclear or vacillating, which would warrant particular deference to the district court's ruling. Accordingly, we cannot conclude that the district court abused its discretion by denying Hernandez's motion to strike panelist 60 for cause.

Having determined that the district court did not abuse its discretion by denying Hernandez's challenges for cause to panelists 43 and 60, we must also similarly conclude that the district court did not abuse its discretion when it denied Hernandez's request for two additional peremptory strikes that he asserted were necessary because he had to use two of his strikes on panelists 43 and 60. *See Cooks*, 844 S.W.2d at 717 (explaining that trial court did not abuse its discretion by failing to award additional peremptory strikes when trial court did not improperly deny any challenge for cause and that "[i]n the absence of any showing of wrongdoing on the part of the trial court, it was not error for the court to refuse appellant's request for additional challenges").

In his brief, Hernandez also contends that panelists 33 and 65 were biased against him "as a matter of law" because when they were answering the State's question asking if the panel believed that remorse should play a role in determining a defendant's punishment, panelist 33 stated that he disagreed and panelist 65 answered that he strongly disagreed. Further, Hernandez notes that those panelists served on the jury because he was not given any additional peremptory strikes To the extent that Hernandez is suggesting in his brief that panelists 33 and 65 should have been struck for cause because of their answers, we note that Hernandez did not move to strike panelists 33 and 65 for cause and, therefore, forfeited that claim. *See Gardner v. State*, 306 S.W.3d 274, 297 (Tex. Crim. App. 2009) (providing that complaints about jury panelist are "forfeited . . . on appeal" if defendant "did not challenge her for cause in the trial court"). Even assuming for the sake of argument that Hernandez had moved to strike those panelists, he did not question the panelists about those statements or ask the district court to call those panelists before the court in order to question them regarding their answers. Accordingly, Hernandez did not inquire into whether those beliefs

10

would have impaired the panelists' abilities to execute their duties as jurors or whether the panelists would be able to follow the law that was given to them by the district court regardless of their personal beliefs. In addition, assuming for the sake of argument that the answers given by the panelists demonstrated that they could not consider a type of potentially mitigating evidence, as discussed above, panelists are not challengeable for cause simply because they would refuse to give weight to specific evidence that would be potentially mitigating. *Rachal*, 917 S.W.2d at 813. In light of the preceding, we would be unable to conclude that the district court would have abused its discretion by denying challenges for cause to those panelists.

For all of these reasons, we overrule Hernandez's sole issue on appeal.

**CONCLUSION**

Having overruled Hernandez's sole issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Affirmed

Filed: July 15, 2016

Do Not Publish

11