**Affirmed and Memorandum Opinion filed December 14, 2017.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-17-00345-CR

_____

**DARWIN FISHER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 15-DCR-070671A**

## MEMORANDUM OPINION

In this appeal from a conviction for harassment by an inmate, appellant argues that the evidence is insufficient to support the conviction and that the trial court reversibly erred by ordering him in shackles. Finding no merit to either challenge, we affirm the trial court's judgment.

## BACKGROUND

Appellant was charged with throwing a mixture of urine and feces at the complainant. The assault occurred at a correctional facility, where appellant was an inmate confined to a private cell. The complainant, a nurse, approached the cell to exchange medical supplies with appellant, who required a catheter for a bladder problem. Through a tray slot in the cell door, appellant delivered his old supplies to the complainant. As the complainant was bending down near the tray slot, appellant reached for a cup containing a mixture of his urine and feces. Appellant threw the mixture through the tray slot, causing it to come into contact with the complainant's hair, face, and clothing.

Appellant did not say anything to the complainant prior to the assault, and he was not known to have suffered from any serious mental disorders. The State's theory was that appellant was simply angry that the complainant had taken too long to respond to his request to see her.

## SUFFICIENCY OF THE EVIDENCE

When reviewing the legal sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

The essential elements of this offense are as follows: (1) appellant caused the complainant to contact his urine or feces; (2) appellant acted while he was imprisoned or confined in a correctional or detention facility; and (3) appellant acted with the intent to assault, harass, or alarm. *See* Tex. Penal Code § 22.11(a)(1).

Appellant does not dispute that the State carried its burden with respect to the first and second elements enumerated above (and there is sufficient evidence to

2

support both). However, he does dispute whether the State carried its burden with respect to the third element, regarding his intent. Appellant argues that the evidence shows that he was reckless at most because he was merely trying to dispose of the urine and feces in the complainant's trash bag. We disagree.

Intent is a question of fact to be determined from the surrounding circumstances. *See Elizondo v. State*, 487 S.W.3d 185, 201 (Tex. Crim. App. 2016). Looking at the surrounding circumstances here, we note that appellant had a private cell with a toilet. If appellant wanted to dispose of his urine and feces, he could have flushed them there, rather than use the complainant's trash bag. And if appellant needed the trash bag because the toilet was not operational, he could have made a verbal request to the complainant instead of tossing his mixture of urine and feces on the complainant's head. The jury could have reasonably inferred that by throwing his mixture at the complainant without warning, he intended to assault, harass, or alarm her.

We conclude that the evidence is legally sufficient to support every essential element of the offense beyond a reasonable doubt.

## SHACKLES

We review a trial court's decision to restrain a defendant in shackles for an abuse of discretion. *See Bell v. State*, 415 S.W.3d 278, 281 (Tex. Crim. App. 2013). Shackles are inherently prejudicial and should only be used "as a last resort." *Id.* When shackles are used, the record must manifest the trial court's reasons for their use. *Id.* And even then, the trial court must make all reasonable efforts to prevent the jury from seeing the defendant in shackles. *Id.*

On the morning of voir dire, and before the venire panel had entered the courtroom, appellant was disrespectful and inappropriate towards the judge. He

spoke over the judge. He accused the judge of threatening him. And he fondled his private parts in front of the judge.

The State moved to restrain appellant in shackles. The State explained that appellant has received more than 200 disciplinary actions since being incarcerated, some of them involving assaults on a peace officer. The State referred to appellant's aggressive criminal history, which included attempted murder and aggravated robbery. The State also explained that, on that very morning of trial, appellant had been extremely aggressive with the guards. The judge heard the sworn testimony of a deputy constable, who confirmed that appellant had been shouting, making threats, and exposing himself to female staff and female prisoners.

The judge found that appellant was "argumentative," "combative," and "out of control." Appellant's counsel also agreed that appellant was an "angry" man. The judge ordered appellant in shackles, and she ensured that he was brought into the courtroom before the venire panel could see him, and that he was seated at a table that concealed the shackles. At the end of voir dire, after appellant demonstrated that he could be peaceful, the judge ordered the shackles removed.

We have recognized that shackles may be appropriate when the defendant presents a risk to himself or to others. *See Yglesias v. State*, 252 S.W.3d 773, 777 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *accord Deck v. Missouri*, 544 U.S. 622, 628 (2005) (recognizing that other interests include "physical security, escape prevention, or courtroom decorum"). The record here establishes that appellant was disruptive and abusive towards others, specifically the courtroom staff. On these specific facts, we cannot say that the judge abused her discretion by ordering appellant in shackles. *See Powell v. State*, 304 S.W.3d 630, 638 (Tex. App.—Beaumont 2010, pet. ref'd) (holding that the defendant's in-court and out-of-court misbehavior supported the judge's decision to use shackles); *Molina v. State*,

4

971 S.W.2d 676, 683 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding that the judge did not abuse his discretion by shackling the defendant during voir dire due to his outbursts).

## CONCLUSION

The trial court's judgment is affirmed.


/s/      Tracy Christopher
Justice


Panel consists of Justices Christopher, Donovan, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).