In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00062-CR
_____

JEREMY PIERRE SPENCER, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 15-22350
_____

MEMORANDUM OPINION

In two issues, Jeremy Pierre Spencer appeals his conviction for aggravated assault and claims the trial court erred by excluding him from the courtroom during significant portions of his trial and by having him shackled in the presence of the jury while in the courtroom. We overrule both of Spencer's issues and affirm the trial court's judgment.

1

## I. Background

Spencer was indicted and convicted for the aggravated assault of his mother-in-law after he stabbed her several times, causing her serious bodily injury. Spencer's then-wife also testified Spencer stabbed her during the same incident. Throughout the trial, Spencer repeatedly interrupted the proceedings by speaking out and by refusing to follow the trial court's instructions. These outbursts eventually led to his removal from the courtroom during parts of the trial and being placed in handcuffs while he was in the courtroom.

Before beginning voir dire, Spencer's trial counsel elicited assistance from the trial court to have Spencer sign the election for the jury to assess punishment if he was found guilty. When the trial court instructed Spencer to sign the election form, he refused and asserted his innocence. Even after the trial court further explained signing the election did not serve as an admission of his guilt, Spencer continued to argue, maintaining his innocence. During voir dire, Spencer interrupted the proceedings to go to the bathroom and was insistent on going at that time. The trial judge allowed him to go even though he was disruptive and argued with the court. Later in the voir dire proceedings, Spencer disrupted the trial again to apologize for his outburst and requesting to go to the bathroom, and the trial court assured him it was fine. We can discern from the record that Spencer was out of the courtroom for

only a few minutes during the restroom break and he was present for the selection of the jury panel and when they took the oath. The second day of trial, Spencer entered his plea of not guilty after the indictment was presented and read. Spencer remained in the courtroom and the trial proceeded without incident.

On the third day of trial, as soon as the jury entered the courtroom, Spencer spoke out without permission. Even though the bailiff and trial court sought to quiet Spencer, he stated he wanted to address the court. The trial court instructed him he would not be able to address the court at that time and must remain quiet. Regardless of this instruction, Spencer continued to make outbursts. The trial court then ordered him to take a seat. Rather than doing so, Spencer continued talking, and the trial court instructed that he be removed from the courtroom. While being removed, Spencer stated, "I can't talk. They tell me to be quiet before y'all come in. See, how can I have a fair trial? This is—it's—it's war behind closed doors, you see." The trial court explained on the record that Spencer would be placed in a holding cell with speakers to allow him to hear the trial proceedings unless he was unable to calm down and conduct himself appropriately in court.

After a brief break, Spencer was brought into the courtroom following a conference with the trial court and his counsel. The trial court explained outside the presence of the jury that Spencer "had to be taken out of the courtroom by the bailiff

*forcibly*. And his attorney [has] talked to him. I've gone to the back. We've talked. Mr. Spencer [is] back in the courtroom. He assures me he's going to follow the rules." (Emphasis added.) When the trial court asked Spencer to confirm he will adhere to the rules, he responded, "Yes, ma'am." The trial court continued and pointed out the following for the record,

> We do have, however, based on what went on and what the bailiff feels is most appropriate, Mr. Spencer is in handcuffs, and we're going to leave him in handcuffs. That's for everyone's safety, including his own and based on his own actions in front of the jury and when he refused to follow the rules before.

As the trial court prepared to proceed, Spencer interrupted again, but his counsel talked over him, objecting to "him being in handcuffs and restrained in front of the jury." The trial court noted his objection but overruled it.

Again, the trial court instructed Spencer not to speak out in the courtroom but to let his attorney know if he had something to say. Yet Spencer continued to address the trial court, at one time requesting medical attention. The trial court instructed Spencer to stop talking and that the court would place a call to request proper medical attention be given to Spencer at the jail. Because of this outburst, the trial court explained to Spencer that if he continued speaking without permission, he would be removed from the courtroom and placed into the holding cell where he could listen to his trial on speakers. The trial court stated it "will not allow [him] to interrupt

4

myself, the attorneys[,] or anyone at any point from this point forward." When asked if Spencer understood, he affirmed.

Soon thereafter, while Spencer's ex-wife was testifying, Spencer spoke to the witness, telling her she knew that he was not trying to kill her. The bailiff and the trial court sought to quiet Spencer, but he refused and continued speaking and cursing. The trial court once again ordered his removal. While being removed, he continued cursing and telling the witness to tell the truth. The trial court stated on the record Spencer would be placed in a holding cell for the remainder of the trial and could listen to the proceedings from inside the cell.

After the State rested, the trial court instructed Spencer's defense counsel that if Spencer testified in his defense, he would have to do so under the rules or he would be removed from the stand. While outside the presence of the jury and prior to Spencer testifying, the trial court carefully instructed Spencer as to the behavior the court expected of him during his testimony and warned him that he would again be removed from the courtroom if he became disruptive. Although Spencer argued with the trial court, claiming the rules were "driving [him] crazy[,]" he finally agreed to follow the rules.

Even with the trial court's repeated admonishment to follow the rules, only to answer the questions he was asked and to avoid the use of profanity, Spencer

persisted in his inappropriate and disruptive behavior. After Spencer continued to vocalize about matters not relevant to his trial and addressed the trial judge by name rather than as judge, the trial court again ordered his removal. As the bailiff removed him, the record reflects that the bailiff told Spencer, "Don't put your arm around me[,]" to which Spencer responded, "I'm not doing anything. Y'all beating the s--- outta me."

After his removal from the courtroom for the third time during the trial, the trial court informed the State and defense counsel that Spencer would not be permitted back into the courtroom for the remainder of the trial. The trial court noted that based on its discussion with the bailiff, both the trial court and the bailiff were of the opinion that Spencer posed "a danger to either himself or others if he's allowed to remain in the courtroom" and so "based on his actions here in the courtroom today, and for everyone's safety, including his own," he would remain in the holding cell where he could hear the remainder of the trial through the speakers. The trial continued. Following closing arguments and deliberations, Spencer returned to the courtroom for the reading of the verdict.

Spencer remained in the holding cell where he could hear the proceedings during the punishment phase of his trial. Spencer was present in the courtroom when

the trial court read the punishment recommended by the jury and pronounced the sentence.

## II. Applicable Law and its Application

The United States Supreme Court has held "[t]he flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated." *Illinois v. Allen*, 397 U.S. 337, 343 (1970). When "confronted with disruptive, contumacious, stubbornly defiant defendants[,]" trial judges "must be given sufficient discretion to meet the circumstances of each case." *Id.*

**A. The trial court did not abuse its discretion when it removed Spencer from the courtroom for portions of his trial.**

In Spencer's first issue, he asserts the trial court abused its discretion when it excluded him from the courtroom during significant portions of his trial. According to Spencer, this action by the trial court violated his right to be present during trial.

Both the Confrontation Clause and the Texas Code of Criminal Procedure provide the right for a defendant to be present in the courtroom at every stage of trial. *See id.* at 338; *see also* U.S. CONST. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006). Even so, a criminal defendant may lose his right to be present during trial if, after being warned by the trial judge that he will be removed if he continues his disruptive behavior, he continues to conduct himself "'in a manner so disorderly, disruptive, and disrespectful of the court that

7

his trial cannot be carried on with him in the courtroom.'" *Kessel v. State*, 161 S.W.3d 40, 45 (Tex. App.—Houston [14th Dist.] 2004, pet ref'd) (quoting *Allen*, 397 U.S. at 343). Trial judges have discretion to address stubbornly disruptive defendants, and that discretion includes removal from the courtroom when the defendant's behavior is of "'an extreme and aggravated nature.'" *Id.* (quoting *Allen*, 397 U.S. at 346). We review a trial court's decision to remove a defendant from the courtroom for an abuse of discretion. *See id.* at 44.

Spencer was ordered by the trial court to be removed from the courtroom three separate times during his trial. Each time, the record shows the trial court repeatedly admonished Spencer of the rules he was required to follow to avoid being removed. Despite those instructions and several warnings to adhere to the court's rules, Spencer continued his outbursts and seemingly threatening behavior. The trial court stated on the record that his absence was for his safety as much as the safety of everyone else present in the courtroom.

Faced with Spencer's continued disruptions of the proceedings after repeated warnings from the trial court, we conclude the trial court did not abuse its discretion when it removed Spencer from the courtroom. *See Allen*, 397 U.S. at 346 (finding nothing unconstitutional about removing defendant from courtroom after "he was repeatedly warned by the trial judge that he would be removed from the courtroom

if he persisted in his unruly conduct"); *George v. State*, 446 S.W.3d 490, 502 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (concluding trial court did not violate defendant's constitutional and statutory rights to be present when, after repeated warnings, it had defendant removed from courtroom for disruptive behavior); *Ramirez v. State*, 76 S.W.3d 121, 130 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) ("As the trial court lacked reason to believe appellant's misbehavior would cease, appellant's expulsion was not constitutionally improper."). We overrule Spencer's first issue.

**B. The trial court did not abuse its discretion by placing handcuffs on Spencer in the presence of the jury during portions of his trial.**

Spencer contends in his second issue the trial court committed reversible error by shackling him—in this case, placing him in handcuffs—in the presence of the jury during significant portions of his trial. Spencer argues his placement in handcuffs in front of the jury violated his due process rights and right to a fair trial.

We review a trial court's decision to restrain a defendant in shackles for an abuse of discretion. *See Bell v. State*, 415 S.W.3d 278, 281 (Tex. Crim. App. 2013). Shackles are inherently prejudicial and should only be used "'as a last resort.'" *Id.* (quoting *Deck v. Missouri*, 544 U.S. 622, 628 (2005)). All reasonable efforts should be made to prevent the jury from seeing the defendant shackled, unless there has been a showing of exceptional circumstances or a manifest need for restraint, such

9

as when a defendant poses a threat to himself or others. *Id.* at 281–82; *Yglesias v. State*, 252 S.W.3d 773, 777 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd); *Davis v. State*, 195 S.W.3d 311, 315 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *accord Deck*, 544 U.S. at 628 (recognizing other interests include "physical security, escape prevention, or courtroom decorum"). The need for restraints must be assessed on a case-by-case basis. *Yglesias*, 252 S.W.3d at 777; *Davis*, 195 S.W.3d at 315. A trial court abuses its discretion when it requires a defendant to be shackled during trial without first finding a reason for shackling specific to the defendant. *Yglesias*, 252 S.W.3d at 777; *Davis*, 195 S.W.3d at 316.

Here, the trial court assessed the need for restraints for this specific defendant. The trial court did not merely express generalized safety concerns. *Cf. Bell*, 415 S.W.3d at 283 (holding trial court erred where no particularized finding articulating reason for shackling defendant, only "a generalized concern for courtroom security" and no justifiable reasons clear from record). Instead, the trial court specifically referenced his prior outbursts and noted Spencer had to be forcibly removed from the courtroom. The trial court held that based on his actions, the handcuffs were necessary not only for the safety of everyone in the courtroom but for Spencer himself. The record also reflects Spencer refused to follow the trial court's repeated verbal instructions and admonishments throughout the trial.

Thus, we conclude the record establishes Spencer was disruptive and abusive towards others, specifically the trial judge and courtroom staff, and had to be forcibly removed from the courtroom more than once. The record reflects that the trial court assessed the security risk with the bailiff before making the decision to shackle Spencer when he was in the courtroom. On the facts before us, we cannot say the trial judge abused her discretion by ordering Spencer to be placed in handcuffs. *See Powell v. State*, 304 S.W.3d 630, 638 (Tex. App.—Beaumont 2010, pet. ref'd) (holding that the defendant's in-court and out-of-court misbehavior supported the judge's decision to use shackles); *Molina v. State*, 971 S.W.2d 676, 682 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding that the judge did not abuse his discretion by shackling the defendant during voir dire because of his outbursts). Spencer's second issue is overruled.

Having overruled both of Spencer's issues on appeal, we affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 5, 2018
Opinion Delivered November 28, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

11