

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00167-CR

JERMAINE DAMON DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27880

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

A Lamar County jury found Jermaine Damon Davis guilty of possession of marihuana in an amount of fifty pounds or less, but more than five pounds.[1] After enhancing punishment by a previous felony conviction, the trial court sentenced Davis to twenty years' imprisonment, to be served concurrently with other sentences imposed at the same time.[2] In this appeal, Davis complains (1) that his constitutional and statutory rights were violated because he was absent when the jury was called, seated, and instructed by the trial court and (2) that the trial court erred by placing him in leg restraints during the trial. Because we find that Davis's first complaint is without merit and that any error in placing him in leg restraints was harmless, we will affirm the trial court's judgment.

## I.    Davis's Absence Complaint Is Not Supported by the Record

In his first issue, Davis complains that he was absent when the jury was called, seated, and instructed by the trial court, in violation of his constitutional and statutory rights. The State argues, *inter alia*, that the record shows that Davis was not absent during this period. We agree.

As Davis admits, the record shows that he was present when jury selection began. After disposing of some preliminary matters, the trial court addressed the absence of a defendant and his counsel in an unrelated matter, cause number 28256, styled *The State of Texas v. Bobby Carl Lennox*. Apparently, the jury in the *Lennox* case was to be chosen from the same voir dire panel after Davis's jury was selected.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4).

[2]In cases that had been consolidated for trial with this case, Davis was also convicted of murder and unlawful possession of a firearm. Those convictions have also been appealed to this Court and are addressed in opinions released on the same date as this opinion.

The jury selection in this case then proceeded. Counsel for Lennox was also present for the voir dire in this case. When Davis began his voir dire, his counsel stated, "As my client Mr. Davis sits here today he is an innocent man," indicating Davis's continued presence during voir dire. At the conclusion of voir dire, the trial court again noted for the record that Davis was present. After a brief recess and hearing outside the presence of the jury, the following exchange took place:

> THE COURT: . . . . Now the Court has received the Lamar County jury panel list for these three matters.
> Does the State of Texas have any objection to the list?
>
> [Attorney for the State]: No objection, Your Honor.
>
> THE COURT: [Attorney for Davis], does the Defendant have any objection to the list?
>
> [Attorney for Davis]: No objection.
>
> THE COURT: All right. The list is received. Now, did we get Mr. Lennox back? If not we'll take --
>
> [Attorney for Lennox]: He's on his way, Judge.
>
> THE COURT: We'll take it up later. Let's go ahead and seat this jury.

The trial court then called, seated, and instructed the jury panel selected for this case.

Davis points to this exchange to support his contention that he was not present when the jury was called, seated, and instructed. However, nothing in this exchange supports his contention. Rather, it only shows, at best, that Lennox was not present. There is nothing in this exchange or any other part of the record indicating that Davis was absent. To the contrary, the remainder of the record supports a conclusion that Davis was present for all phases of the jury selection, including when the jury panel was called, seated, and instructed. Since Davis has not shown that

3

he was absent when the jury panel was called, seated, and instructed, we find that this complaint is without merit. We overrule Davis's first issue.

## II. Any Error in the Use of Leg Restraints Did Not Affect Davis's Substantial Rights

Davis's second issue asserts that the trial court reversibly erred when it ordered him to wear leg restraints during his trial. Shackling an accused at trial is permitted "when, in the trial judge's discretion, it is necessary for a particular defendant in a particular proceeding." *Bell v. State*, 415 S.W.3d 278, 281 (Tex. Crim. App. 2013) (citing *Cooks v. State*, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992), *superseded on other grounds by rule*, TEX. R. APP. P. 44.2, *as stated in Bell*, 415 S.W.3d at 282). Even so, the record must reflect the trial court's reasons and grounds that justify the restraint. *Id*. Additionally, because shackling error may rise to constitutional error when the record shows a reasonable probability that the jury was aware of the restraints, the trial court should make every effort to prevent the jury from seeing the accused in restraints. *Id.* at 281, 283. But even if the trial court errs in ordering that the defendant wear restraints, no harm will be found absent evidence that a juror saw or was aware of the restraints or that the restraints interfered with the defendant's ability to communicate with his counsel. *See id*. at 283–84; *Canalas v. State*, 98 S.W.3d 690, 697–98 (Tex. Crim. App. 2003); *Grant v. State*, 255 S.W.3d 642, 649 (Tex. App.—Beaumont 2007, no pet.).

We review a trial court's order that the defendant be restrained during trial for an abuse of discretion. *See Ziolkowski v. State*, 223 S.W.3d 640, 643 (Tex. App.—Texarkana 2007, pet. ref'd). A trial court abuses its discretion when it does not make specific findings articulating its reasons for the restraint. *Id*. When, as here, any trial court error does not rise to constitutional error, we

4

disregard it unless it affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Bell*, 415 S.W.3d at 284.

In this case, the trial court did not articulate, and the record does not reflect, the reasons for ordering the leg restraints. Consequently, we find that the trial court erred in ordering Davis to wear leg restraints during his trial. *See Bell*, 415 S.W.3d at 283.

Nevertheless, the trial court found that the type of leg restraints used would not be visible to the jury. On appeal, Davis concedes that there was no evidence that the leg restraints were visible to the jury. Even so, Davis argues that there was evidence that the restraints impeded his ability to confer with his counsel and points to the exchange at the end of voir dire previously set forth. As in his first issue, Davis contends that this shows he was not present when the jury panel was called, seated, and instructed. We have previously noted that the record does not support this contention. Davis does not cite, and we have not found, any other evidence in the record that would support his contention that the leg restraints interfered with his ability to confer with his counsel. On this record, we find that the trial court's error did not affect Davis's substantial rights. *See id*. at 284. We overrule this issue.

## III.    Disposition

For the reasons stated, we affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:      April 3, 2020
Date Decided:        April 6, 2020

Do Not Publish

5