

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00028-CR

JEREMY LEE MCINTYRE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Hopkins County, Texas
Trial Court No. 1826844

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jeremy Lee McIntyre appeals the judgment of the trial court in Hopkins County adjudicating his guilt and revoking his community supervision on the underlying charge of assault against a family member alleging that he intentionally, knowingly, or recklessly impeded the normal breathing or circulation of the blood of the victim, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The revocation is based on McIntyre's plea of true to the alleged violation of his community supervision, a violation of a pending protective order.[1] The trial court sentenced McIntyre to ten years' confinement, but assessed no fine or court costs.

McIntyre's appellate counsel has filed a brief that discusses the record and reviews the trial proceedings in detail. After counsel's professional and thorough evaluation of the record, he has concluded that there are no arguable grounds to be advanced on appeal. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel mailed a copy of the brief, the motion to withdraw, and a complete copy of the appellate record to McIntyre on or about June 24, 2019, informing McIntyre of his right to file a pro se response and to petition the Texas Court of Criminal Appeals for review should this Court affirm the trial court's judgment. By letter dated September 11, 2019, this Court advised McIntyre

---

[1]The motion to revoke was filed December 31, 2018, alleging that McIntyre committed the violation on or about December 25, 2018, after having been placed on community supervision on December 18, 2018.

that his pro se response, if any, was due on or before October 11, 2019. By letter dated October 14, 2019, this Court advised McIntyre that this case was set for submission on November 4, 2019. McIntyre did not file a pro se response to counsel's brief and did not request an extension of time to do so.

We have determined that this appeal is wholly frivolous. We have independently reviewed the appellate record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:     November 4, 2019
Date Decided:       November 6, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

**Notes to be removed from opinion**:

One of the better *Anders* briefs, this one by Martin Braddy.   Beyond that…

Gut-check: Top-end 10-year sentence for C.S. violation of two arguably non-threatening emails: On this record, in assessing punishment, the trial court could have found that McIntyre had committed multiple instances of domestic violence, beyond the choking incident that produced the underlying charge here.   The common-law wife and victim, named September, testified that McIntyre also dragged her around by her hair [3RR13], stepped on her pregnant belly, [3RR13], slapped her [3RR13], hit her [3RR16], and stabbed her in the leg with a screwdriver [3RR21, 33–34].  She testified also that he threatened a few times to kill her. [3RR19, 21, 35]  She also reported his statement that he "would die" before she took his child from him. [3RR36]  In the aftermath of the choking incident, after she and the children left the house, McIntyre apparently tried to hang himself.  [3RR38]  Those instances of violence and threats were of recent origin, apparently following some relatively recent meth use. [3RR30–31]  But he had earlier been on probation for an unrelated family violence offense committed in 2009.  [3RR29–30]  Although the sentence was at the top end of the range of punishment, and although the violation that triggered the adjudication appears to be minor—a couple of emails—it was committed by McIntyre with full knowledge that it was a violation and was committed within seven days of being placed on community supervision. [CR26]

No competency issues noted.  Judge was watching for any such issues and saw none.  Defendant's testimony/comments are not entirely consistent with each other or with "truth," but nothing suggesting a departure from reality.

Plea was voluntary and properly admonished.  [CR35–37]

McIntyre was handcuffed for the adjudication proceeding, but it was a bench hearing.  [see 3RR9-10]  The court authorized the release of his right hand, so he could write notes during trial.  *See Bell v. State*, 415 S.W.3d 278, 283 (Tex. Crim. App. 2013) (no harm when jury doesn't perceive shackles).  *See also Austin v. State*, No. 06-07-00161-CR, 2008 WL 4910254, at *4 (Tex. App.—Texarkana Nov. 18, 2008) (not designated for publication; Carter, J.).

Statute for offense per judgment: Tex. Penal Code Section 22.01(b)(2)(B) (West) = OK