**Opinion filed September 9, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00326-CR

_____

## JOSEPH BENJAMIN MADDEN, II, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-17-0669-CR**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Joseph Benjamin Madden, II[1] on a charge of capital murder. The jury found Appellant guilty of the lesser included offense of murder and assessed his punishment at confinement in the Institutional Division of the Texas

---

[1]We note that some of the documents in the record, including the amended indictment, show Appellant's name to be Joseph Benjamin Madden, II but that other documents in the record, including the judgment, show it to be Joseph Benjamin Madden, III.

Department of Criminal Justice for sixty years. The trial court sentenced him accordingly. We affirm.

*Issues*

On appeal, Appellant presents two issues and argues that (1) the trial court erred in ordering Appellant to be restrained for the duration of the trial and (2) Appellant's trial counsel was ineffective in not objecting to the use of restraints on Appellant and for failing to request an independent expert.

*Background Facts*

As Appellant does not challenge the sufficiency of the evidence on appeal, we will only recount those facts necessary for the resolution of the issues. Before trial, the State filed a motion for additional courtroom security in which it asked the trial court to consider ordering Appellant to be shackled during the trial. The motion stated that Appellant was "a known flight risk, [was] known for becoming violent without any apparent reason, and [was] going to be on trial for Capital Murder." The trial court subsequently entered an agreed order granting the State's motion.

On the morning of trial, the trial court held a hearing on the issue of restraining Appellant. At the hearing, the trial court noted that it was aware that Appellant had been "disruptive" in the county jail. Appellant's trial counsel elaborated, stating that Appellant had accumulated three felony charges for assault of a peace officer while he was temporarily held in the Ector County Jail before he was transported to the North Texas State Hospital. Appellant's trial counsel further stated:

> He's now medicated to the point where he seems to be calm, but he's a big man, Your Honor, and my concern is, if he does for some reason become violent, he may be able to handle everybody in here, and that's a possibility, I think, that he could become violent. And if he does, he's going to harm somebody before they get him restrained I would predict, so I'm not comfortable unless he's restrained.

2

He also mentioned that, while he would usually object to restraints, he chose not to object in this case.

The trial court ultimately ordered that Appellant's hands be restrained in addition to his feet. When Appellant was brought in to begin trial, the trial court explained that he would be restrained but that tables for the State and defense would be draped to prevent any jurors from seeing the restraints. The only way the jury would be aware that he was restrained would be if he brought up his restraints so the jury could see them or if he intentionally moved them around so the jury could hear them.

*Discussion*

### 1. Appellant has not preserved the issue of his restraints for appellate review.

Appellant argues in his first issue that the trial court erred when it ordered Appellant to be restrained for the duration of the trial.

*Standard of Review*

The Fifth and Fourteenth Amendments of the United States Constitution prohibit the use of physical restraints visible to the jury unless the trial court in its discretion finds that they are justified by an essential state interest such as physical security, escape prevention, or courtroom decorum. *Deck v. Missouri*, 544 U.S. 622, 628 (2005). Thus, "'the record must manifest the trial judge's reasons for restraining a defendant,' and a trial judge errs in ordering shackles if 'the record fails to detail the grounds for restraint.'" *Ex parte Chavez*, 560 S.W.3d 191, 202 (Tex. Crim. App. 2018) (quoting *Bell v. State*, 415 S.W.3d 278, 281 (Tex. Crim. App. 2013)). In addition, a trial court abuses its discretion "if it bases the use of restraints on generalized concerns about courtroom security or the seriousness of the charged offense." *Alcozer v. State*, 571 S.W.3d 299, 303 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). Indeed, "[t]he reasons for shackling must be 'case-specific,'

reflecting particular concerns about the defendant, such as any special security needs or escape risks posed by him." *Chavez*, 560 S.W.3d at 201 (quoting *Deck*, 544 U.S. at 633).

*Analysis*

Generally, to preserve error, a complaint must be made to the trial court by "a timely request, objection, or motion" stating the grounds for the desired ruling, and the trial court must either rule or refuse to rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a). Further, "[f]ailure to object at trial may waive even constitutional errors." *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014). Here, Appellant's counsel made no objection whatsoever to the trial court's order to restrain Appellant, but in fact insisted that Appellant be restrained. Thus, Appellant's first issue has not been preserved for our review. However, because resolution of Appellant's second issue requires examining the subject of Appellant's restraints, we will continue our analysis of the issue here.

Even if Appellant had preserved this issue, the trial court did not abuse its discretion. The record reflects that the trial court did not base its ruling merely on a general concern for courtroom security or based on the seriousness of the charged offense alone. Rather, the trial court made the case-specific determination that Appellant should be restrained based on evidence that Appellant had assaulted peace officers while housed in the county jail. Appellant's conduct was so serious, in fact, that he accumulated three felony charges. Moreover, Appellant's own trial counsel prudently warned the trial court and expressed his belief that Appellant could become violent during the trial. Based on this record, we conclude that, had Appellant preserved this issue, we would be compelled to hold that the trial court did not abuse its discretion in ordering that Appellant be restrained.

Because we have determined that there was no abuse of discretion by the trial court reflected in the record, we do not reach a harm analysis. However, we note

4

that there is no evidence in the record that the jury ever saw Appellant's restraints. *See Bell*, 415 S.W.3d at 283 (stating that "shackling error may rise to the level of constitutional error when the record reflects a reasonable probability that the jury was aware of the defendant's shackles"). We overrule Appellant's first issue.

## 2. Appellant's trial counsel was not ineffective.

In his second issue, Appellant argues that his trial counsel was ineffective for failing to object to Appellant's restraints and for failing to request an independent expert.

### *Standard of Review*

A criminal defendant is guaranteed the right to representation throughout the trial process. U.S. CONST. amend. VI; TEX. CONST. art. I § 10. This Sixth Amendment right to counsel preserves the fairness, consistency, and reliability of criminal proceedings by ensuring that the process is an adversarial one. *See Martinez v. Ryan*, 566 U.S. 1, 12 (2012) ("[T]he right to counsel is the foundation for our adversary system."). In general, to determine whether Appellant's counsel rendered ineffective legal assistance, we must *first* determine whether Appellant has shown that his counsel's representation fell below an objective standard of reasonableness and, if so, *then* determine whether there is a reasonable probability that the result would have been different but for his counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland*, 466 U.S. at 694; *Hernandez*, 726 S.W.2d at 55. Further, we must indulge a strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance, and Appellant must overcome the presumption that the challenged action could be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). The purpose of this two-pronged test is

to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial cannot be said to have produced a reliable result. *Thompson v. State*, 9 S.W.3d 808, 812–13 (Tex. Crim. App. 1999).

While we must review the totality of the evidence, allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010); *Thompson*, 9 S.W.3d at 814. Typically, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient to overcome the presumption that counsel's conduct was reasonable and professional. *See Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); *Mallett v. State*, 65 S.W.3d 59, 64–65 (Tex. Crim. App. 2001). A defendant is guaranteed a fair trial designed to ensure a reliable verdict, not a perfect trial. *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) ("[T]he Constitution entitles a criminal defendant to a fair trial, not a perfect one."). Further, if Appellant makes an insufficient showing of one component of the *Strickland* test, there is no need for the court to address the other as Appellant must make a sufficient showing of both to be successful. *Strickland*, 466 U.S. at 697.

*Analysis*

Appellant first claims that his trial counsel was ineffective because he did not object to Appellant being restrained during trial. As discussed above, we do not find that the trial court abused its discretion in ordering that Appellant be restrained. It follows, therefore, that we do not find counsel's performance deficient for failing to object to the restraints. Indeed, as Appellant had already shown a disregard for authority by assaulting officers in the county jail, we do not believe it was unreasonable for counsel to conclude that Appellant may show similar disregard in the courtroom. Unlike a jail facility, the courtroom may have numerous people present that are untrained as to security. Further, a courtroom during a jury trial

6

would be more difficult to secure. Appellant's trial counsel cautioned the trial court on the record that, based on his jailhouse history of conduct, Appellant could become violent and possibly harm someone during trial, and we believe that it was reasonable for counsel to desire to prevent that harm. Therefore, we conclude that Appellant has not shown that his counsel's performance was deficient with respect to failing to object to the restraints.

Appellant further claims that his trial counsel was ineffective for failing to request an independent expert. Appellant specifically claims that "at no time did trial counsel request an independent expert to examine Appellant for defense purposes to see if another qualified professional may have come to a different conclusion as to Appellant's sanity at the time of the offense."

However, the record reflects the opposite. Our review of the record shows that Appellant's trial counsel filed a motion for a court-appointed expert, asking the trial court to appoint an expert "to assist the defense in the preparation of an insanity defense in the best light from the viewpoint of the Defendant." The record also supports the conclusion that the trial court granted the motion[2] and that the acquired expert did indeed assist the defense. This can be seen in an invoice from Jarvis A. Wright, Ph.D. sent to the trial court stating that, before the date of trial, he conducted a psychological evaluation "to assist Defense Attorney . . . in mental health aspects related to the case." The record does not reflect whether Wright was engaged as merely a consulting expert or as one hired to evaluate and potentially testify at trial. While it is true that Appellant's trial counsel did not call Wright as a witness, the record is silent as to his reason. It could very well be that, based on the information he received from Wright and the previous court appointed expert, he believed that

---

[2]The order and amended order both contained boilerplate language referencing a competency evaluation. However, both specifically stated that the trial court was granting the motion for a court-appointed expert filed that same day.

calling an expert at trial to testify would have harmed his client. However, without any explanation as to why counsel chose not to call Wright, or any other expert, as a witness, Appellant has presented no evidence to overcome the presumption that his trial counsel's performance was reasonable. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (stating that without an explanation as to trial counsel's actions, the reviewing court will not find deficient performance unless trial counsel's conduct was "so outrageous that no competent attorney would have engaged in it"). Thus, we cannot hold that Appellant has shown that his trial counsel's performance was deficient. In any event, Appellant has not demonstrated harm. "It is not enough to show that trial counsel's errors had some conceivable effect on the outcome" of the proceeding. *Ex parte Rogers*, 369 S.W.3d 858, 863 (Tex. Crim. App. 2012) (citing *Strickland*, 466 U.S. at 693). Rather, the applicant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability is one sufficient to undermine confidence in the outcome. *Hernandez*, 726 S.W.2d at 55. Both prongs of the *Strickland* test are judged by the totality of the circumstances as they existed at trial, not through 20/20 hindsight. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990) ("The [*Strickland*] test is to be applied at the time of trial, not through hindsight."). We cannot hold that Appellant's trial counsel's assistance was deficient on the basis claimed by Appellant—considering that trial counsel did, in fact, request and receive assistance from an independent expert psychologist in the defense of Appellant and that Appellant has not rebutted the presumption that trial counsel's decisions were the result of sound trial strategy.

The claim of Appellant in his second issue, based on the record, does not meet the *Strickland* test: Appellant has not demonstrated that trial counsel's representation did not incorporate sound trial strategy or that the assistance of his counsel was so

deficient as to overcome the presumption that counsel's conduct was reasonable and professional. *See Mitchell*, 68 S.W.3d at 642; *Mallett*, 65 S.W.3d at 64–65. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


September 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J,
Williams, J., and Wright, S.C.J.[3]

Trotter, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.