**Opinion issued May 28, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00418-CR

_____

**DARIUS CASTILLE, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1730955**

---

## OPINION

A jury found appellant Darius Castille guilty of murder, and the trial court sentenced him to 45 years' imprisonment. TEX. PENAL CODE § 19.02. During the trial, appellant—who is paraplegic and wheelchair-bound—was shackled. In his sole issue, appellant contends that the trial court erred by requiring appellant to remain

shackled, over objection, in violation of his Fifth and Fourteenth Amendment rights under the United States Constitution. Regardless of whether the jury perceived appellant's shackles, on this record, we hold that the trial court's error was harmless even under the more rigorous harm analysis applicable to constitutional errors. The evidence of appellant's guilt was overwhelming, appellant admitted to shooting the complainant and did not argue he did so in self-defense, appellant's trial counsel specifically asked that appellant be convicted of the lesser-included offense of felony murder instead of capital murder, and the jury convicted appellant of the lesser-included offense—as appellant requested—and rejected the State's theory of capital murder. We affirm the trial court's judgment.

**Use of Shackles During Jury Trial**

On July 11, 2021, appellant was charged by information with the capital murder of complainant Marcesa Lewis, who was shot and killed in the early hours of that same day. TEX. PENAL CODE § 19.03. A grand jury later returned an indictment charging appellant with capital murder. Appellant was tried and convicted of the lesser-included offense of murder. Throughout his criminal trial, appellant—who is paraplegic and wheelchair-bound—was shackled at the legs. At appellant's election, the trial court assessed punishment.

In his sole issue, appellant contends that the trial court erred by requiring his legs to remain shackled during trial in violation of his Fifth and Fourteenth

Amendment rights. He argues that the trial court failed to make any particularized findings that justified the use of shackles and that his shackles were visible to the jury, requiring reversal. The State responds that the trial court made sufficient findings to justify the use of shackles, the shackles were not visible to the jury, and any error was harmless.

## A. Standard of Review and Applicable Law

The United States Constitution forbids the routine and visible shackling of defendants during a criminal jury trial. *Deck v. Missouri*, 544 U.S. 622, 626 (2005); *Ex parte Chavez*, 560 S.W.3d 191, 201 (Tex. Crim. App. 2018); *Bell v. State*, 415 S.W.3d 278, 281-82 (Tex. Crim. App. 2013). The visible shackling of criminal defendants during trial "undermines the presumption of innocence and the related fairness of the factfinding process." *Deck*, 544 U.S. at 630. Even if the shackles are not visible to the jury, criminal defendants have a common-law right to be free of restraints during trial. *Chavez*, 560 S.W.3d at 202. However, a criminal defendant's constitutional and common-law rights to appear at trial unbound "may be overcome in a particular instance by essential state interests such as physical security, escape prevention, or courtroom decorum." *Deck*, 544 U.S. at 628; *Chavez*, 560 S.W.3d at 202 (noting that common-law right may be overcome if restraints are "necessary for a particular defendant in a particular proceeding"). We review the trial court's decision to shackle appellant for abuse of discretion. *See Bell*, 415 S.W.3d at 281

3

(noting that decision to shackle a defendant is committed to "trial [court] judge's discretion"). "When the record fails to detail the grounds for restraint, a trial [court] judge errs in ordering a defendant shackled." *Id*.

## B.    Abuse of Discretion

Prior to voir dire, appellant's counsel noted that appellant was shackled, objected to the use of shackles, and requested that appellant be unshackled. In response, the trial court discussed with the bailiff:

THE COURT: What's the policy?

THE BAILIFF: The policy, he's not shackled to the table. He's just shackled with his legs—

THE COURT: That's fine.

THE BAILIFF: Yes, sir.

Appellant's counsel then notified the trial court that appellant is paralyzed. The trial court stated, "I usually don't get into the business of the Harris County Sheriff's security matters. . . . I'm not going to get in their business like that." Appellant's counsel persisted in objecting, but appellant's shackles were not removed. The trial court deferred to the Harris County Sherriff's Office's "policy," pursuant to which appellant was shackled. The contours of the policy and how it applied to appellant are not part of the record. Other than deferring to that policy, the trial court did not make any findings on the record that justified shackling

4

appellant during trial. The trial court stated only that he would not "get into the business of the Harris County Sheriff's security matters."

Generalized concerns for courtroom security do not justify the shackling of a criminal defendant during trial. *Bell*, 415 S.W.3d at 283. In *Long v. State*, 823 S.W.2d 259 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals held that a trial court abused its discretion in ordering a criminal defendant shackled when it failed to "make specific findings of fact justifying the use of shackles" and only "stated in the record general concerns regarding security because appellant was charged with capital murder." 823 S.W.2d at 283. Two decades later, in *Bell*, the court of criminal appeals held it was "clearly error to order [appellant] shackled during his trial" where the trial court found only that "[e]verybody who is in custody has the same necessity of restraint." 415 S.W.3d at 283.

Here, the trial court did not make any findings specific to appellant or take into account the fact that appellant—who was shackled at the legs—is paraplegic and wheelchair-bound. The trial court's decision to keep appellant shackled rested solely on the Harris County Sheriff's Office's "policy," not on any findings particular to appellant. Reliance on a policy without consideration of a criminal defendant's particular circumstances constitutes no more than "general concerns" for security, a rationale that the court of criminal appeals rejected in *Long* and *Bell*. *See Long*, 823 S.W.2d at 283; *Bell*, 415 S.W.3d at 283; *see also Deck*, 544 U.S. at

5

634-35 (holding that mere conviction of capital murder was not sufficient reason to justify trial court's decision to shackle defendant during punishment phase); *Gennusa v. State*, No. 01-22-00519-CR, 2023 WL 5436395, at *3 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication) (concluding that trial court abused its discretion in ordering defendant shackled where trial court relied on "general policy of leaving restraints on people who were 'in custody'").[1] Accordingly, we conclude that the trial court abused its discretion by overruling appellant's objections to being shackled.

## C.     Harmless Error

Without making any particularized findings, or identifying an essential state interest, the trial court ordered a paraplegic man shackled at the legs during his criminal trial. The trial court's error is serious. However, we are required to review the error for harmlessness. *Bell*, 415 S.W.3d at 283-84.

---

[1]     The State argues that we should not find error at all because *Gennusa v. State*, No. 01-22-00519-CR, 2023 WL 5436395 (Tex. App.—Houston [1st Dist.] Aug. 24, 2023, pet. ref'd) (mem. op., not designated for publication), is an unpublished decision without precedential value. *See* TEX. R. APP. P. 47.7(a). The State does not address the facts of *Long v. State*, 823 S.W.2d 259 (Tex. Crim. App. 1991), *Bell v. State*, 415 S.W.3d 278 (Tex. Crim. App. 2013), or *Deck v. Missouri*, 544 U.S. 622 (2005), all of which the State references in its brief. In each of those cases, the court of criminal appeals or the United States Supreme Court concluded that the trial court abused its discretion by relying on only generalized concerns for security. *See Long*, 823 S.W.2d at 283; *Bell*, 415 S.W.3d at 283; *Deck*, 544 U.S. at 634-35. The State also does not address the fact that appellant is paraplegic and was shackled at his legs.

When "the record shows a reasonable probability that the jury was aware of the defendant's shackles," the error is a constitutional one that requires reversal unless we "determine[] beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a); *Bell*, 415 S.W.3d at 282. If the record does not show a reasonable probability that the jury was aware of appellant's shackles, we consider whether the error affected his substantial rights and whether such error "had a substantial and injurious effect or influence" on the jury's decision to convict appellant. *Mason v. State*, 322 S.W.3d 251, 257 (Tex. Crim. App. 2010) (citing TEX. R. APP. P. 44.2(b)); *see Bell*, 415 S.W.3d at 283-84 (noting that rule 44.2(b) of the Texas Rules of Appellate Procedure guides proper harm analysis for non-constitutional error). Because we conclude that the trial court's error was harmless even under the more rigorous standard applicable to constitutional errors, we do not address whether the jury perceived appellant's shackles. *See Bell*, 415 S.W.3d at 283 (noting that, when court of appeals held error harmless under constitutional-error harm analysis, it "logically held that" shackling "did not affect [appellant's] substantial rights").

When reviewing constitutional errors for harm, factors we consider include (a) "the nature of the error," (b) "whether it was emphasized by the State," (c) "the probable implications of the error," and (d) "the weight the jury would likely have assigned to it in the course of its deliberations." *Snowden v. State*, 353 S.W.3d 815,

822 (Tex. Crim. App. 2011). Ultimately, the "harmless-error inquiry under Rule 44.2(a) should adhere strictly to the question of whether the error committed in a particular case contributed to the verdict obtained *in that case*." *Id.* at 821. We do not deem error "harmless simply because" we are "confident that the result the jury reached was objectively correct or that, in any event, the jury could have reached the same result no matter how much the error may have facilitated that resolution." *Id.* at 819.

Here, the State argued that appellant committed capital murder and principally relied on the theory that appellant intentionally killed complainant in the course of committing a robbery. *See* TEX. PENAL CODE § 19.03(a)(2). Appellant's counsel argued to the jury that the evidence did not support the State's capital-murder theory. He contended that appellant did not rob or attempt to rob complainant, but neither appellant nor his trial counsel shied from the fact that appellant shot and killed complainant. In his opening statement, appellant's counsel informed the jury that the evidence would show that appellant killed complainant and asked that, as between murder and capital murder, the jury find appellant guilty of the lesser-included offense of murder:

> We're going to ask you to see it for exactly what it is. It's a murder. It's a murder. Because if you assault somebody, like he did, you can't turn around and claim self-defense. So you're not going to hear evidence of self-defense. . . . Then you're going to have to make a decision of what kind of murder this is. . . . We're not going to ask you to find him not guilty and send him home. That's not what's going to happen in this

8

case. . . . [W]hen you deliberate in this case, we're going to ask you to find him guilty of murder, felony murder. And felony murder is what we think and we believe the judge will charge you with if you don't believe it's capital murder. . . . He is willing to accept responsibility for that and take the punishment that's going to be dealt to him by this judge.

Appellant's counsel restated his request that the jury find appellant guilty of felony murder, instead of capital murder, in his closing argument. Additionally, when testifying, appellant admitted to shooting the complainant and did not contend that he did so in self-defense. Appellant testified that he struck complainant with a handgun, complainant then pulled out a handgun, and both appellant and complainant shot each other, resulting in complainant's death and appellant's paralysis. Appellant testified, "I shot him," referring to complainant. Video surveillance admitted at trial confirmed that appellant drew a gun on complainant and shot him. Appellant denied that he intended to rob complainant or attempted to do so. Rather, he was merely upset with complainant for selling him "fake" pills and wanted to confront complainant. The jury apparently agreed with appellant, convicted him of murder, and rejected the State's theory of capital murder. *See Fernandez v. State*, No. 14-13-00376-CR, 2015 WL 778482, at *6 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op., not designated for publication) (applying constitutional harm analysis and holding that error in admitting appellant's confession to extraneous offense, which court noted "offends the Due Process Clause of the Fourteenth Amendment," was harmless beyond

reasonable doubt where appellant confessed to shooting complainant, trial counsel urged jury to "convict appellant of murder, not capital murder," and appellant was convicted of murder).

In determining whether the error was harmless, we may also consider whether the evidence of guilt is overwhelming. *Motilla v. State*, 78 S.W.3d 352, 356-57 (Tex. Crim. App. 2002); *Beck v. State*, 712 S.W.2d 745, 748 (Tex. Crim. App. 1986); *Zepeda v. State*, No. 11-14-00254-CR, 2016 WL 3923905, at *2-3 (Tex. App.— Eastland July 14, 2016, no pet.) (mem. op., not designated for publication) (relying on overwhelming evidence of guilt to find shackling error harmless); *see United States v. McGill*, 815 F.3d 846, 895 (D.C. Cir. 2016) (holding that error in defendants' wearing stun belts was harmless because of, in part, "the overwhelming weight of evidence against" defendants); *Lakin v. Stine*, 431 F.3d 959, 966 (6th Cir. 2005) (holding that error in shackling defendant was harmless where evidence of guilt was "overwhelming"); *see also United States v. Cazares*, 788 F.3d 956, 966 n.1 (9th Cir. 2015) (noting that unconstitutional shackling cannot be prejudicial if evidence of guilt is overwhelming).[2]

---

[2] When, as here, we "address the merits of a federal claim," i.e. the violation of a federal constitutional right, our decision "must accord with federal law." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). In determining whether a constitutional shackling error is harmless, we are bound by the United States Supreme Court to determine "beyond a reasonable doubt that the [shackling] did not contribute to the verdict obtained." *Deck v. Missouri*, 544 U.S. 622, 635 (2005) (quoting *Chapman v. California*, 386 U.S. 18, 24 (1967)). Our state's standard for

As discussed, the record shows that:

- The jury saw video evidence of appellant's drawing a gun on complainant and complainant's walking away from appellant with a bloody shirt;

- Appellant testified that he wanted to "beat" up complainant;

- Appellant admitted that he "hit [complainant] with the gun" that appellant was wielding and then shot complainant;

- Appellant's counsel requested that the jury convict appellant of murder, not capital murder; and

- The jury apparently agreed with appellant that he did not rob or attempt to rob complainant and convicted appellant of murder, as appellant's counsel requested.

*See Zepeda*, 2016 WL 3923905, at *2-3 (holding that error in shackling defendant was harmless where he admitted to hitting and hurting complainant and was convicted of aggravated assault); *Fernandez*, 2015 WL 778482, at *6 (holding that error in admitting appellant's confession to extraneous offense was harmless where appellant confessed to shooting complainant and jury returned verdict that appellant requested). Based on this record, we determine beyond a reasonable doubt that the erroneous shackling of appellant did not contribute to his conviction.[3]

---

harmlessness for non-constitutional errors likewise derives from federal law. *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

[3] Because we conclude beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction, we necessarily conclude that the error did not affect appellant's substantial rights under the less rigorous harm analysis applicable to non-constitutional errors. *See Bell*, 415 S.W.3d at 284 (noting that, when court of appeals held error harmless under constitutional-error harm analysis, it "logically held that" shackling "did not affect [appellant's] substantial rights").

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

Amparo "Amy" Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

Publish. Tex. R. App. P. 47.2(b).